IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHLEY THURSTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-17-975-BMJ |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 5].[1] This matter has been assigned pursuant to *In re: Social Security Cases*, GO 16-4 (W.D. Okla.) (eff. Jan. 1, 2017).

Plaintiff is required to pay a fee of $400.00 to commence her civil action.[2] Pursuant to 28 U.S.C. § 1915(a), however, a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783 at *1 (10th Cir. April 23, 1999) (unpublished op.) ("The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court."). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

---

[1] Plaintiff's initial Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] was incomplete. Plaintiff identified her spouse's income as an "other source" but did not set forth the amount of that income. The Court ordered Plaintiff to cure this and other deficiencies in the initial application. *See* Order [Doc. No. 4].

[2] The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $50.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

Proceeding in forma pauperis "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. State of Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed in forma pauperis, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citations omitted). But, "a person should not be denied the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not 'absolutely destitute.'" *Id.* (citation omitted).

A review of Plaintiff's Amended Application demonstrates that she has the ability to pay the $400.00 filing fee. The Court has taken into consideration the income of Plaintiff's spouse in making this determination. *See generally Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1155 (D. Kan. 2001) (recognizing that "[i]n a number of cases, courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915") (collecting cases); *see also Jackson v. United States Dep't of Army*, No. 14-4034, 2014 WL 2761142 at *1 (D. Kan. June 18, 2014) (unpublished op.) (denying application to proceed in forma pauperis based, in part, on spouse's current employment and "substantial annual salary").

Considering all of the expenses listed by Plaintiff, her spouse's monthly income exceeds the monthly expenses in an amount sufficient to allow payment of the filing fee. *Compare Brewer*, 24 F. App'x at 979 (denying request to proceed in forma pauperis where the plaintiff's "monthly income exceed[ed] his monthly expenses by a few hundred dollars"); *see also Westgate v. Astrue*, No. 08-4136-JAR, 2008 WL 5110906 at *1 (D. Kan. Dec. 2, 2008) (unpublished op.) (denying in

forma pauperis motion where total monthly income from all sources exceed[ed] [the plaintiff's] monthly expenses by $364.00" and therefore, the plaintiff "would be able to pay the filing fee in th[e] case by using his discretionary income from one month").

Other factors further weigh against Plaintiff demonstrating an inability to pay the filing fee. Plaintiff identifies assets including her home, other real estate and a car. These assets total approximately $123,000.00. *Compare Jackson*, 2014 WL 2761142 at *2 ("A court may consider the applicant's assets (e.g. equity in real estate), not merely her income, in determining the applicant's ability to pay the filing fee."); *Scherer v. State*, No. 06-2446-JWL, 2006 WL 3147731, at *2 (D. Kan. Nov. 1, 2006) (considering the equity in the plaintiff's "one extra vehicle" and home when denying IFP status); *see also In re Mactruong*, 335 F. App'x 156, 158 (3d Cir. 2009) (affirming district court's denial of plaintiff's motion to proceed in forma pauperis where plaintiff had "rental income of $3000 a month, two cars (though one had its 'title in litigation'), 'less than $500 average' in a bank account, and an IRA account worth $8000."). Additionally, the Court notes that Plaintiff's expenses include discretionary items such as payments to "Kay Jeweler" and credit cards. *See Jackson*, 2014 WL 2761142 at * 1 (discretionary expenses including "payments for cable and balance owed for purchases made at Nebraska Furniture Mart, Sears and Menards" demonstrated that Plaintiff's financial status did not warrant a waiver of the filing fee).

For all the reasons set forth, Plaintiff's Amended Application demonstrates an ability to pay the filing fee. Therefore, upon careful consideration of the relevant factors and Plaintiff's financial condition as set forth in her Amended Application, Plaintiff does not qualify to proceed in forma pauperis.

## RECOMMENDATION

It is recommended that Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 5] be denied. It is further recommended that if Plaintiff does not pay the $400.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to refiling, pursuant to LCvR 3.3(e).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of her right to object to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objection must be filed with the Clerk of the Court on or before October 10, 2017. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives her right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 26th day of September, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE